**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:15-cv-00022-WJM-MEH

DOROTHY MAES,

    Plaintiff,

        v.

LEPRINO FOODS COMPANY, a Colorado corporation,

    Defendant.

---

**REVISED STIPULATED PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED by all parties to this action, by and through their respective attorneys of record herein, that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Revised Stipulated Protective Order ("Protective Order"). The terms of this Protective Order are consistent with the Model Protective Order provided for cases subject to the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action.

The parties acknowledge that this Protective Order does not entitle them to file confidential information under seal. Local Rule 7.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, it is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interest of the client. Information and documents designated by a party as confidential will be stamped "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

        b.      Employees of such counsel assigned to and necessary to assist in the litigation;

        c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

        d.      Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

        e.      The Court (including any clerk, stenographer, or other persons having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

        a.      inform the person of the confidential nature of the information or documents; and

        b.      inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.      The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the documents or information shall henceforth be treated as Confidential Information subject to all terms of this Stipulation and Order.

8. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

9. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers

filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court.  To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

10.   At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly) and in no event later that thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.  This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

ORDERED and DATED this 6th day of April, 2015, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

Dated:  April 3, 2015

| | |
|---|---|
| *s/ Richard K. Blundell* | *s/ William C. Brittan* |

Richard K. Blundell, Esq.  
Law Office of Richard K. Blundell  
1233 8th Street  
Greeley, CO 80631  
Tel:  (970) 356-8900  
Fax: (970) 353-9977  
rick@rkblaw.net  

ATTORNEY FOR PLAINTIFF  
Dorothy Maes

William C. Brittan, Esq.  
Margaret R. Pflueger, Esq.  
Campbell, Killin Brittan & Ray, LLC  
270 St. Paul Street, Suite 200  
Denver, CO 80206  
Tel: (303) 322-3400  
Fax: (303) 322-5800  
Email: bbrittan@ckbrlaw.com  
Email: mpflueger@ckbrlaw.com  

ATTORNEYS FOR DEFENDANT  
Leprino Foods Company