**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0022-WJM-MEH

DOROTHY MAES,

      Plaintiff,

v.

LEPRINO FOODS COMPANY, INC., a Colorado corporation

      Defendant.

---

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

---

Plaintiff Dorothy Maes ("Plaintiff") brings this action against her former employer, Defendant Leprino Foods Company, Inc. ("Defendant"), for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the Colorado Anti-Discrimination Act, C.R.S. §§ 24-34-401 *et seq*. ("CADA"). (ECF No. 6.)  The trial of this action is scheduled to commence on April 3, 2017, with the Final Trial Preparation Conference set for March 23, 2017.  (ECF Nos. 60, 65.) This matter is before the Court on Defendant's Motion *in Limine* ("Motion").  (ECF No. 63.)  For the reasons set forth below, the Motion is denied in its entirety.

## I.  ANALYSIS

Defendant's Motion seeks evidentiary rulings on the admissibility of the following evidence prior to trial: (1) "testimony by Plaintiff regarding what she was allegedly told her [*sic*] by her co-worker(s);" and (2) "'me-too' testimony by Ms. Jaramillo."  (*Id*. at 3, 7.)  At the outset, the Court finds Defendant's argument as to the second category of

evidence moot, given that Plaintiff has not endorsed Ms. Sylvia Jaramillo as a witness on her final witness list.  (ECF No. 79.)  Thus, the Court will only address the first category of evidence.

Defendant seeks to preclude "the admission of any testimony by Plaintiff as to what her co-workers, including without limitation Sylvia Jaramillo, allegedly told her about discriminatory conduct they claim to have experienced while working at [Defendant]."  (ECF No. 63 at 3.)  Defendant provides three arguments to support the exclusion of such evidence under Federal Rules of Evidence 401, 403, and 802.  As explained below, the Court concludes that it cannot grant a pretrial exclusion based on the record now presented, and thus denies Defendant's Motion without prejudice to any objections which may be properly made at trial.

## A.      Rule 401

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Defendant argues that any such evidence would be "irrelevant to Plaintiff's claims and must be excluded pursuant to Fed. R. Evid. 401."  (ECF No. 63 at 2–3.)  Presuming that Plaintiff will testify as to conversations she had with Ms. Jaramillo, Defendant contends that any alleged statements by Ms. Jaramillo are irrelevant because "Plaintiff and Ms. Jaramillo worked in different positions, on different teams, with different co-workers and different supervisors, and claim to have suffered discrimination at different times and in different ways."  (*Id*. at 4.)  Plaintiff maintains that she "is trying to prove that her workplace was objectively and subjectively offensive"

2

and that "what [Plaintiff] knew of other acts of harassment *is* relevant to that consideration[.]"  (ECF No. 66 (citing *Tademy v. Union Pacific Corp.*, 614 F.3d 1132, 1146 (10th Cir. 2008)) (emphasis in the original).)

Instructive on the relevance issue is *Unal v. Los Alamos Public Schools*, 683 Fed. App'x 729 (10th Cir. 2016).  In *Unal*, the Tenth Circuit stated that "evidence of harassing comments directed at other nationalities will support an inference of a national-origin-based hostile work environment if [Plaintiff] was present when they were made or otherwise became aware of them during the time that she was allegedly subject to a hostile work environment." *Id*. at 737.  There the court concluded that any comments or conduct directed at other nationalities were relevant and could be considered in assessing the work environment. *Id.*  Further, the Tenth Circuit has consistently found this category of evidence relevant in Title VII hostile work environment actions. *See Ridgell-Boltz v. Colvin*, 565 Fed. App'x 680, 685 (10th Cir. 2014); *accord Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1094–95 (10th Cir. 2007).

Although the Court does not have before it identification of the co-workers that spoke to Plaintiff (other than Ms. Jaramillo), or the exact content of their alleged statements, the Court finds that it would be inclined to find Plaintiff's testimony regarding these conversations relevant under Fed. R. Evid. 401.  However, this is conditioned on Plaintiff demonstrating that she was aware of the alleged harassment or discriminatory conduct during the time period in which she was allegedly subject to a hostile work environment. *See Unal*, 683 Fed. App'x at 737.  For example, Defendant

3

asserts that Ms. Jaramillo allegedly experienced discrimination between June 2014 and January 2015.  (ECF No. 63 at 6.)[1]  The record makes clear that Plaintiff worked for Defendant from September 2013 through November 2013.  (ECF No. 6 at 2, 9.)  Thus, the Court would not find relevant any statements regarding alleged discrimination experienced by Ms. Jaramillo that were communicated to Plaintiff after she was no longer employed by Defendant.  By contrast, if Ms. Jaramillo (or other coworkers) experienced discriminatory conduct during the time period that Plaintiff was employed by Defendant and they made Plaintiff aware of such alleged conduct, then the Court would be inclined to find Plaintiff's testimony as to these conversations relevant under Fed. R. Evid. 401.  However, as noted above, the Court cannot definitively resolve the Rule 401 issue at this time given the record before it.

## B.    Rule 403

While relevant evidence is generally admissible at trial, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Defendant contends that the evidence must be "excluded under Fed. R. Evid. 403 because the only source of information Plaintiff proposes to offer as to the alleged statements is herself."  (ECF No. 63 at 4.)  Defendant asserts that such testimony would be "unduly prejudicial" because Defendant "would be denied the opportunity to expose the allegations['] deficiencies through cross-examination of Ms. Jaramillo and/or

---

[1] Defendant bases this assertion on the Charge of Discrimination that Ms. Jaramillo filed with the Colorado Civil Rights Division and EEOC.  (ECF No. 63-1.)

other of Plaintiff's former co-workers." (*Id.*)  Plaintiff responds arguing that "[c]ourts do not have the authority to exclude evidence because a party might not be truthful. Thorough cross-examination is how parties address testimony of their opponent, not by excluding the evidence a priori." (ECF No. 66 at 4.)  Defendant also contends, under Rule 403, that Plaintiff's testimony should be excluded or else "undue delay and waste of time" would result if Defendant "is required to conduct one or more mini trials-within-this trial to rebut the statements Plaintiff intends to attribute to the [*sic*] Ms. Jaramillo and/or other former co-workers." (ECF No. 63 at 5 (citing Fed. R. Evid. 403).)

The Court finds neither of Defendant's arguments under Rule 403 persuasive. First, the Court disagrees with Defendant's assertion that allowing Plaintiff to testify "would open the door to abuse" because Plaintiff "could say practically anything she wanted." (*Id*. at 4.)  As Plaintiff correctly notes, Defendant's counsel will have the opportunity to thoroughly cross-examine Plaintiff to probe the veracity of her testimony. Second, Defendant would not be "forced to call an untold number of witnesses" or "be unfairly tasked with defending itself" against these allegations of discriminatory treatment. (*Id*. at 5.)  To the extent Defendant's argument is that it is unsure of the number or identity of any other victims of discrimination, the ordinary remedy would have been to take discovery on these issues.  Thus, the claim of an "untold number of witnesses" lacks merit and should have been pursued in discovery by Defendant prior to this late stage in the litigation.  Accordingly, assuming Plaintiff can establish relevance, the Court would be inclined to find that Plaintiff's testimony would not be unfairly prejudicial to Defendant or an undue burden/waste of time under Rule 403.

**C.      Rule 802**

Defendant contends that "this proposed testimony by Plaintiff must be excluded pursuant to Fed. R. Evid. 802 because it constitutes impermissible hearsay."  (ECF No. 63 at 5.)  Defendant notes that "Plaintiff's counsel has indicated Plaintiff intends to offer the testimony to prove Plaintiff's 'state of mind,' [however] the 'state of mind' exception to the rule against hearsay does not apply[.]" (*Id*. at 6.)  In response, Plaintiff argues that the testimony is not hearsay, and in the alternative, Plaintiff contends, in a roundabout way, that if it is hearsay then the "frame of mind" exception would apply. (ECF No. 66 at n.2, 5.)  As noted above, Plaintiff has not provided the Court with the exact alleged statements made by her co-workers to which Plaintiff plans to testify, thus this issue is premature and the Court defers ruling on it until the evidence comes in at trial.  However, in an effort to provide a useful roadmap for the parties, the Court will address their respective arguments as to the non-hearsay "effect on the listener" use and the hearsay "then-existing state of mind" exception.

1.  <u>Non-hearsay use – "effect on the listener"</u>

Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  As to the second requirement, Plaintiff asserts that her "testimony is not going to come in for the truth of the matter asserted – only to show her perception of this information and how it contributed to the hostility of the workplace environment.  Therefore a limiting instruction will adequately address the Defendant's concerns that a jury might believe

the evidence of the other acts of harassment." (ECF No. 66 at n.2.)[2]

Even before the advent of the Federal Rules of Evidence, the Tenth Circuit held that "testimony is not hearsay when it is [offered] to prove only that a statement was made and not the truth of the statement." *Hernandez v. U.S.*, 608 F.2d 1361, 1364 (10th Cir. 1979) ("the testimony in question related to the fact of Cordova's knowledge, not whether the statements made to him were true or false"); *see also U.S. v. Morales-Macias*, 855 F.2d 693, 695 (10th Cir. 1988) (testimony offered to explain why a witness behaved in a particular way and went to a particular location).  However, usually the statements being offered do tend to prove whatever realities about the world they may happen to describe, which is why the Court believes a limiting instruction may be appropriate under the circumstances.  *See* 4 Christopher Mueller *et al.*, *Federal Evidence* § 8:20 (4th ed., May 2016 update) ("The justification for non-hearsay treatment appears where the purpose of the proponent, and the use to which the statement is put, is not to prove these realities, but instead to prove what someone who heard or read the statements knew or had reason to believe.").

To illustrate, in *Kramer v. Wasatch County Sheriff's Office*, 743 F.3d 726, 730–31 (10th Cir. 2014), a plaintiff brought a sexual harassment action against her former employer under Title VII.  There, the plaintiff offered "specific evidence that [imparted] credence to her perception" of the workplace environment.  *Id*. at 752.  Plaintiff "testified

---

[2] The Court recognizes that Defendant has offered a proposed disputed jury instruction that appears to be such a limiting instruction.  (See ECF No. 68 at 13.)  That instruction states that Plaintiff's "testimony is relevant only, and may be considered only, for the purpose as to why Plaintiff held that belief and not to prove that the incidents that Plaintiff referred to actually occurred."  (*Id*.)  At this time the Court takes no position on this disputed jury instruction, it is merely provided for illustrative purposes.

in her deposition that when a jail co-worker . . . decided to complain about the offensive screen saver images, another female co-worker . . . told [plaintiff] 'we're all going to suffer because she can't just handle it.'" *Id*. The court found that the statement was "not offered for the truth of what was said . . . but for the fact that it was said, that [plaintiff] heard it, and that it contributed to her perception of the workplace culture." *Id*.

Similar to the instant action here, the statements that were allegedly spoken to Plaintiff may help explain her perceptions of the workplace environment and/or culture, and may be crucial in making her decision to leave Defendant more understandable. Thus, to the extent that Plaintiff can clearly demonstrate to the Court that there is a nexus between her co-workers' statements regarding alleged discriminatory conduct they faced and how it informed Plaintiff's subjective perception of the workplace environment, the Court would be inclined to find it admissible non-hearsay testimony. However, Plaintiff must establish such a nexus at trial before admission.

2.  Hearsay exception – "then-existing state of mind"

Federal Rule of Evidence 803(3) excepts from the hearsay rule "a statement of the declarant's then-existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, mental feeling), but not including a statement of memory or belief to prove the fact remembered or believed." The Court finds *United States v. Joe*, 8 F.3d 1488 (10th Cir. 1993) instructive. In *Joe* the government wished to introduce a statement made by Ms. Joe to her physician prior to her death, in which she stated that "she was 'afraid sometimes' because Mr. Joe suspected her of having an extramarital affair and had threatened to kill her if he caught her with another man." *Id.* at 1491. The court held that Rule 803(3) "would extend to Ms. Joe's statement that she

8

was 'afraid sometimes,' [but noted that while this may indicate her state of mind, the statement] also included an assertion of why she was afraid (*i.e.*, because she thought her husband might kill her).  This portion of Ms. Joe's statement is clearly a 'statement of memory or belief' expressly excluded by the Rule 803(3) exception."  *Id.* at 1492–93.

Thus, if Plaintiff fails to demonstrate that the alleged statements are not hearsay, then the "then-existing state of mind" exception might still apply.  However, because the "then-existing state of mind" exception would not permit Plaintiff to relate any of her co-workers statements as to why they held a particular state of mind, or what may have induced a particular emotional condition, this will greatly limit the scope of Plaintiff's testimony.  For example, Plaintiff could testify that her co-worker told her that they felt harassed or discriminated against.  By contrast, Plaintiff would not be able to testify as to what conduct or set of events caused her co-workers to feel discriminated against when they relayed to Plaintiff their particular state of mind or emotional condition on that particular occasion, as such testimony would be a "statement of memory or belief." Fed. R. Evid. 803(3).

## II.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion *in Limine* (ECF No. 63) is DENIED.

Dated this 22nd of March, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge